UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CAROL M. SIIRA-STEVENS,

    Plaintiff,

v.

    Case No. 13-11165
    HON. TERRENCE G. BERG

PAT USA, INC.,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DKT. 12)**

Defendant PAT USA, Inc. has moved for summary judgment (Dkt. 12) on the ground that it does not have a sufficient number of employees to be covered under the federal statutes prohibiting discrimination in the workplace. The issue was fully briefed by both parties and the Court heard oral argument on May 22, 2013. In response to Plaintiff's request at the hearing for additional information from Defendant, the Court allowed Defendant to file a supplemental affidavit in support of its motion (Dkt. 14). For the reasons set out in greater detail below, Defendant's Motion is GRANTED.

**I.    FACTUAL BACKGROUND**

Plaintiff was employed by Defendant as a procurement specialist from June-November, 2011. Plaintiff's complaint (Dkt. 1) alleges that Defendant discriminated against her based on gender, in violation of Title VII, and disability status, in violation of the Americans with Disabilities Act ("ADA").

Prior to this lawsuit, Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission (EEOC) that raised these same allegations. The EEOC dismissed Plaintiff's discrimination complaint on the ground that "[t]he Respondent employs less than the required number of employees or is otherwise not covered by the statutes." (Dkt. 9, Ex. E).

Defendant has now moved for summary judgment, arguing that it has never employed the requisite number of individuals necessary, under either statute, to subject it to liability as an "Employer."

## II. STANDARD OF REVIEW

Summary judgment is appropriate where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

If the movant meets its burden, summary judgment will be granted unless the non-moving party makes a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

2

of proof at trial." *Celotex*, 477 U.S. at 322-23. Under the Federal Rules of Civil Procedure, the non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth, by affidavits or otherwise, specific facts which demonstrate a genuine issue for trial. Fed. R. Civ. P. 56(c). Additionally, where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court has multiple options, including "allow[ing] time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d).

When ruling on a motion for summary judgment, the court must draw all inferences in a light most favorable to the non-moving party, but may grant the motion when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; *there must be evidence on which the jury could reasonably find for the plaintiff.*" *Anderson*, 477 U.S. at 252 (emphasis added).

### III. ANALYSIS

Defendant's motion raises the question of whether PAT USA, Inc. qualifies as an "Employer," under either Title VII or the ADA. Under both statutes, the term "Employer" is defined as "a person engaged in an industry affecting commerce who has fifteen (15) or more employees for each working day in each of twenty (20) or

more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b); 42 U.S.C. § 12111(5)(a).

The relevant question then is how many employees did PAT USA, Inc. have during the period when it employed Plaintiff? The Supreme Court has stated that the "test for when an employer "has" an employee is no different from the test for when an individual *is* an employee: whether the employer has an employment relationship with the individual on the day in question. This test is generally called the "payroll method," since the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 206 (1997) (emphasis in original). The *Walters* Court also noted that both the EEOC and the Department of Labor had adopted the payroll method as the preferred means of calculating employees under similar statutory schemes, and then went on to say that "the payroll method represents the fair reading of the statutory language, which sets as the criterion the number of employees that the employer "has" for each working day." *Id.* at 207.

In support of its motion, Defendant has provided its payroll records for the year in question (Dkt. 9, Ex. B), and a sworn affidavit from its Vice President, Rick Weaver, stating that even if one were to include all the employees *ever* listed on the payroll of Defendant, the total would be less than fifteen employees. (Dkt. 9, Ex. C, Weaver Aff., ¶ 4). Applying the payroll method of calculation, Defendant has met its burden and clearly shown the absence of a genuine issue of material fact. Thus, to survive the motion for summary judgment, Plaintiff "must come forward with

4

specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In this case, that means Plaintiff needs to show that there is a genuine dispute as to the question of whether Defendant had fifteen or more employees during the relevant time period. Plaintiff has failed to do so.

 Plaintiff concedes that the "PAYROLL METHOD" is the proper criterion for deciding the number of employees that an employer has (Dkt. 11, Pl.'s Resp. Br., 2). Plaintiff contends, however, that Defendant has only provided payroll records for its Michigan employees or that Defendant also has "employment relationships" with persons outside the United States, such that its total number of "employees" is greater than fifteen (*Id.*). Neither argument is supported by evidence such that it would raise a dispute as to a question of fact. *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (holding that a party opposing summary judgment must show that they will be able to offer admissible evidence at trial). Instead, Plaintiff has attached the following documents to her response: poorly duplicated and virtually illegible screenshots of a page from the website "LinkedIn," purporting to identify various "employees" of Defendant (Dkt. 11, Ex. 1); a press release alluding to Defendant's international operations and recent expansion efforts (Dkt. 11, Ex. 2); Defendant's corporate registration stating the nature of its business as "Building Alliances and Partnership for Overseas Construction" (Dkt. 11, Ex. 3); a press release from Defendant arguably implying the existence of foreign projects (Dkt. 11, Ex. 4); and another poorly reproduced image, this time purporting to be

5

from Defendant's profile on the website "Facebook," noting that the company is expanding (Dkt. 11, Ex. 5).

While Plaintiff attempts to raise the question of whether Defendant may have "employment relationships" with more individuals than those listed on Defendant's payroll records, Plaintiff's ignores the portion of *Walters* that discusses what those words mean: while the payroll test is the primary method of determining when an employment relationship exists, the *Walters* Court went on to clarify that "what is ultimately critical" is whether the individuals on the payroll are "employee[s] under traditional principles of agency law." *Walters*, 519 U.S. at 212 (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–324 (1992)). In *Nationwide*, the Supreme Court analyzed the definition of "employee" under ERISA, a vague definition nearly identical to the definition of employee used by the statutes at issue here, and adopted the common-law test for determining who qualifies as an employee:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Id.* (footnotes omitted) (quoting *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989)); see also Restatement (Second) of Agency § 220(2) (1958) (setting forth a nonexhaustive list of factors relevant to determining whether a hired party is an employee). Plaintiff offers no proof or even allegation that there are additional persons beyond those listed in the payroll records whose relationship with Defendant could be said to exhibit any of the employee-defining characteristics described above. Plaintiff appears to suggest that Defendant surely must have an "employment relationship" with anyone and everyone doing any work on any PAT-affiliated project abroad, but the evidence before the Court demonstrates that is not the case. Plaintiff cites absolutely no law for the proposition that persons working on projects affiliated with an employer, but who do not have any traditional agency relationship with an employer, should be considered employees for purposes of the federal workplace anti-discrimination statutes. Moreover, Plaintiff has not even shown that any such projects existed in 2011.

Given the speculative nature of the evidence appended to Plaintiff's written submissions, the Court elected to hear oral argument on the motion. During the May 22, 2013 hearing, Plaintiff's counsel explained the dearth of evidence by suggesting that Plaintiff lacked the discovery necessary to confirm whether Defendant had any additional, overseas employees. (May 22, 2013 Hr'g Tr. at 11:10-18). The Court then proceeded to inquire as to what discovery Plaintiff believed was necessary to make such a determination. (*Id.* at 17:3-18:11). Plaintiff's counsel responded:

7

> I think it's very clear from the *Walters* case what I need. I need the number of people who started in the year 2011 and the people who left in the year 2011. So beginning and end is what the Court clearly said is what you need to establish he number of people in that year. So what I'm going to need from defense counsel is tell me all the people who started in the beginning of 2011 or who are on your payroll in 2011 and many are at the end of 2011. Then we'll know.

(*Id*. at 18:12-20). In accordance with Federal Rule of Civil Procedure 56(d), the Court granted Defendant leave to supplement its motion, and an addendum was filed on May 28, 2013 (Dkt. 14). Attached to the addendum was a supplemental affidavit of Defendant's Vice President, Rick Weaver, stating that (1) the previously-provided payroll records are the only payroll records that the company has for 2011; (2) the seven individuals identified on those payroll records are the only individuals employed by PAT USA, Inc. in 2011, (3) Pat USA, Inc. does not now, and did not then, employee any individuals based overseas; (4) the total number of individuals employed by Pat USA, Inc. since its inception is less than 15; and (5) while PAT USA, Inc. is affiliated with a larger company called PAT Engineering Enterprises Co., W.L.L., incorporated and based in the State of Qatar, these companies have separate ownership, keep separate books and records, and share no employee policies or procedures. (Dkt. 14, Ex. A, Supp. Weaver Aff., ¶¶ 2-4).

Based upon the undisputed evidence in the record, the Court is satisfied there is no genuine issue of material fact concerning whether Defendant had fifteen or more employees in 2011. Indeed, the evidence before the Court establishes the fact that Defendant did not have fifteen or more employees in 2011. Therefore, as a

8

matter of law, Defendant is not an "Employer" as defined by Title VII and the ADA. Accordingly, the motion for summary judgment will be granted.

### IV.   CONCLUSION

For the reasons stated above, it is **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 12) is **GRANTED** and Plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

Dated:  June 18, 2013               s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on June 18, 2013, using the CM/ECF system, which will send notification to all parties.

                                    s/A. Chubb
                                    Case Manager